# EXHIBIT A

Effective Date: January 1, 2006

## CONFIDENTIAL DISCLOSURE AGREEMENT

WHEREAS United States Patent 6,673,144 has issued to United States Gypsum Company (hereinafter "USG") concerning a low dust joint compound; and

WHEREAS United States Patent 7,052,544 has issued to 3M Innovative Properties Company (hereinafter referred to collectively with 3M Company as "3M") concerning a low dust wall repair compound; and

WHEREAS USG and 3M wish to confer regarding the subject matter of the USG patent and the 3M patent and other confidential proprietary information owned by USG and/or 3M; and

WHEREAS during the course of conducting the desired discussion, the parties and/or their employees may become aware of confidential information proprietary to USG and/or 3M;

NOW, THEREFORE, in consideration of these premises, and the mutual promises contained herein, USG and 3M agree as follows:

1. Any Party to this Agreement may be a discloser ("Discloser") or a recipient ("Recipient") of confidential information.

2. The parties' primary contacts for disclosing or receiving confidential information will be designated by the parties.

3. The confidential information ("Information") that is the subject of this Agreement is described as:

3M's general business and financial information relating to low dust drywall joint compounds, and information relating to 3M's patent portfolio for low dust drywall joint compounds; and

USG's general business and financial information relating to low dust drywall joint compounds, and information relating to USG's patent portfolio for low dust drywall joint compounds.

The relationship created under this Agreement is confidential and is to be treated as Information according to the terms of this Agreement.

4. Recipient's duties under this Agreement shall apply only to Information that is (a) disclosed by Discloser in writing and is marked at the time of disclosure to indicate it is confidential; (b) disclosed by Discloser in any other manner and is indicated at the time of disclosure to be confidential and thereafter is also summarized and designated as confidential in a written memorandum delivered to Recipient within one month of the disclosure; or (c) disclosed in the

form of tangible materials transmitted to Recipient with an accompanying written memorandum indicating the confidential nature of the materials.

5. This Agreement imposes no obligation upon Recipient with respect to Information that Recipient can establish (a) was in Recipient's possession before receipt from Discloser; (b) is or becomes available to the public through no fault of Recipient; (c) is received in good faith by Recipient from a third party and is not subject to an obligation of confidentiality owed to the third party; or (d) is independently developed by Recipient without reference to Information received hereunder.

6. This Agreement only relates to Information that is disclosed to a Recipient during the period from the Effective Date to February 1, 2008. Any party to this Agreement may terminate this period earlier by prior written notice to the other party, provided that such termination does not change any obligation hereunder for Information previously disclosed under this Agreement.

7. Recipient's duties under this Agreement expire on February 1, 2016.

8. Recipient shall not disclose Information to a third party without express written authorization from Discloser. Recipient shall protect the disclosed Information by using the same degree of care, but no less than a reasonable degree of care, to prevent the unauthorized disclosure of the Information, as Recipient uses to protect its own confidential information of a like nature. Information shall be disclosed with appropriate restrictive legends, and only to personnel of the Recipient party with the necessary need-to-know. Information shall not be disclosed or used for purposes of manufacture or procurement of the product to which the information pertains.

9. If Recipient is required by judicial or administrative process to disclose Information, Recipient shall promptly notify Discloser and shall allow Discloser a reasonable time to oppose such process. Recipient shall only disclose such Information pursuant to an appropriate protective order that preserves the confidentiality of such Information unless otherwise required by such judicial or administrative process.

10. Recipient agrees to return, or at its election destroy, all existing Information (including tangible materials) received from Discloser upon request of Discloser, except that Recipient may retain in the office of its legal counsel one copy of written Information for record purposes only.

11. Each Discloser warrants that it has the right to make disclosures of Information as provided under this Agreement.

12. Except where prohibited by applicable law, the parties agree to adhere to the U.S. Export Administration Laws and Regulations and shall not export or re-export any technical data or products received from the Discloser or the direct product of such technical data to any proscribed country listed in the U.S. Export Administration Regulations unless properly authorized by the U.S. Government.

13. Except as otherwise provided herein, all additions or modifications to this Agreement must be made in writing and executed by all parties.

14. Under this Agreement, (a) no party acquires any license under intellectual property rights of the other party except the limited right to use Information as contemplated hereunder; (b) there is no obligation to purchase from or sell to the other party any service or item; and (c) no agency or partnership relationship is created between the parties.

15. The parties agree that this Agreement shall be construed, interpreted, governed, and applied in accordance with the laws of the State of Minnesota. The parties also agree that any dispute arising from the subject matter of this is Agreement shall be brought solely and exclusively in the United States District Court for the District of Minnesota.

16. All communications between the parties, conduct, statements, and information exchanged between the parties pursuant to this Confidential Disclosure Agreement shall be deemed to fall within the scope and spirit of Federal Rule of Evidence 408 and shall not be admissible in any legal action between the parties. Such information shall not be inadmissible if otherwise discoverable without reference to the communications between the parties which occur pursuant to this Agreement.

This Agreement is entered into by and between the parties executing in triplicate and shall supersede and apply in lieu of any other previously executed agreement.

ACCEPTED:

| United States Gypsum Company | 3M Company and 3M Innovative Properties Company |
|---|---|
| By: [signature] | By: [signature] |
| Printed Name: Michael A. Geoffroy | Printed Name: James J Maskas |
| Title: Chief IP Counsel | Title: V.P. CHIM Div. |
| Date: 2-5-2007 | Date: 2/14/07 |