Case 1:07-cv-06381  Document 22  Filed 02/20/2008  Page 1 of 5



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES GYPSUM COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 3M INNOVATIVE PROPERTIES COMPANY ) <br> and 3M COMPANY, ) <br> ) <br> Defendants. ) | Case No. 07 C 6381 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, United States Gypsum Company ("USG"), filed suit against Defendants, 3M Innovative Properties Company and 3M Company (collectively, "3M"), seeking a declaratory judgment of noninfringement and unenforceability of 3M's patent (Count I), cancellation of 3M's patent of a low dust wall repair compound in favor of USG's low dust joint compound patent (Count II), and unjust enrichment based on any licensing of the compound by 3M (Count III). Presently pending before the Court is 3M's motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) based on a forum-selection clause contained in the Confidential Disclosure Agreement ("CDA") entered into by the parties.

### BACKGROUND

A reading of the Complaint, affidavits, other attached exhibits, and other matters of record supports the following summary of the alleged operative conduct of the parties.

On December 3, 2006, USG and 3M entered into the CDA to facilitate negotiation of a licensing agreement for their respective patents of low dust construction compounds. The CDA was effective January 1, 2007, when USG and 3M began negotiation.

The CDA reads, in pertinent part:

> WHEREAS United States Patent 6,673,144 has issued to [USG] concerning a low dust joint compound; and
>
> WHEREAS United States Patent 7,052,544 has issued to [3M] concerning a low dust wall repair compound; and
>
> WHEREAS USG and 3M wish to confer regarding the *subject matter* of the USG patent and the 3M patent and other confidential proprietary information owned by USG and/or 3M.

Def.'s Ex. A at 1 (emphasis added).

The CDA also contains a forum-selection clause, which reads as follows:

> 15. The parties agree that this Agreement shall be construed, interpreted, governed, and applied in accordance with the laws of the State of Minnesota. The parties also agree that any dispute *arising from the subject matter* of this Agreement shall be brought solely and exclusively in the United States District Court for the District of Minnesota.

Def.'s Ex. A at §15 (emphasis added).

The parties continued licensing negotiations for approximately ten months following the effective date of the CDA. On approximately November 12, 2007, negotiations between the parties terminated; and USG filed the present suit in the United States District Court for the Northern District of Illinois.

On November 15, 2007, 3M brought suit in the District of Minnesota pursuant to the forum-selection clause. Subsequently, 3M obtained a release from USG to disclose confidential information covered by the CDA; and 3M amended its complaint to incorporate that information. 3M then filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3).

2

## ANALSYIS

3M moves for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(3), asserting improper venue pursuant to the forum-selection clause contained in the CDA, which was agreed to by both 3M and USG. On the other hand, USG argues that the forum-selection clause contained in the CDA does not cover the parties' current dispute over their competing patent claims to the low dust construction compounds. In response, 3M contends that the forum-selection clause specifically covered the subject matter of the CDA, which included the parties' competing patents.

The Seventh Circuit permits a motion to dismiss for improper venue based on a forum-selection clause to be brought under Fed. R. Civ. P. 12(b)(3). *Continental Insurance Company v. M/V Orsula*, 354 F.3d 603, 606 (7th Cir. 2003). In general, a forum-selection clause is enforceable unless it is clearly shown "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Muzumdar v. Wellness International Network, Ltd.*, 478 F.3d 759, 762 (7th Cir. 2006) (*Muzumdar*) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Further, courts will enforce a forum-selection cause where it specifies that venue is mandatory or obligatory, instead of where it merely specifies jurisdiction. *Muzumdar*, 478 F.3d at 762; *see also Continental Casualty Co. v. LaSalle Re. Ltd.*, 500 F. Supp. 2d 991, 994 (N.D. Ill. 2007) (stating that a proper forum-selection clause should contain language to the effect of "all disputes shall be resolved" or "venue is proper only in").

Here, the clause at issue is a valid forum-selection clause. The clause states that "any dispute arising from the subject matter of this Agreement shall be brought solely and exclusively in the United States District Court for the District of Minnesota." This language is mandatory

language that designates Minnesota as the appropriate venue for any dispute arising from the subject matter of the CDA. The parties do not dispute this issue; the area of disagreement between the parties relates to the scope of the agreement.

In determining the scope of a forum-selection clause, the Seventh Circuit holds that "all disputes the resolution of which arguably depend on the construction of an agreement 'arise out of' that agreement for purposes" of a forum-selection clause. *Omron Healthcare Inc. v. Maclaren Exports Limited*, 28 F.3d 600, 603 (7th Cir. 1994) (citing *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress, Ltd.*, 1 F.3d 639, 642-43 (7th Cir. 1993), for the proposition that this rule applies to forum-selection clauses as well).

In the case at bar, the CDA states the purpose of the agreement is that "USG and 3M wish to confer regarding the subject matter of the USG patent and the 3M patent and other confidential proprietary information owned by USG and/or 3M." Thus, the subject matter of the CDA is defined as both the USG and 3M patents, as well as confidential proprietary information owned by the parties. All three counts of USG's complaint relate to the subject matter of 3M's and USG's patents, specifically, whose patent is enforceable. Thus, the resolutions of these competing patent claims arise out of the CDA. Therefore, the proper venue for these claims is Minnesota.

Because the forum-selection clause is valid and encompasses the parties' patent dispute, there is no need to address the issues raised by USG as to parol evidence and the first-filed-action issue.

Finally, 28 U.S.C. § 1406(a) provides that where a claim is filed in an improper venue, the district court "shall dismiss, or in the interest of justice, transfer such a case to any district or division in which it could have been brought." In general, where both parties to a contract are

sophisticated businesses and "familiar with the forms of litigation in which they engage, a transfer in the interest of justice is not justified, when there was nothing obscure about the proper forum." *M/V Orsula*, 354 F.3d at 608 (internal quotations omitted).

Here, USG is a sophisticated business, as well as familiar with the areas of patent litigation. There was nothing obscure about the forum-selection clause contained in the CDA, and both USG and 3M agreed to be bound by the agreement. Further, there is no "interest of justice" precluding dismissal of USG's claims because USG will be able to assert its claims against 3M in the proper venue, the United States District Court for the District of Minnesota. Therefore, USG is bound by the forum-selection clause; and 3M's Motion to Dismiss is granted.

## CONCLUSION

For the foregoing reasons, 3M's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) is granted.

Dated: February 20, 2007

JOHN W. DARRAH
United States District Court Judge

5